# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|     *Respondent*, | ) | |
| | ) | |
| v. | ) | Case No: 14 C 50124 |
| | ) | |
| Calvin Davis, | ) | |
| | ) | |
|     *Movant*. | ) | Judge Frederick J. Kapala |

## ORDER

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [1] is dismissed as untimely. No certificate of appealability shall issue from this court. This case is closed.

## STATEMENT

    This matter comes before the court for preliminary review of Calvin Davis' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on May 31, 2014. On June 17, 2010, Davis pleaded guilty to conspiracy to distribute more than 1 kilogram of heroin and 50 grams of cocaine base, in violation of 18 U.S.C. § 846, and was sentenced to a total term of 172 months' imprisonment on October 13, 2010. This court entered judgment the same day. See United States v. Davis, No. 09 CR 50041(N.D. Ill. 2009). Davis did not file a direct appeal. Instead, more than three and a half years later Davis filed the instant § 2255 motion.

    Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires district courts to conduct a preliminary review of § 2255 motions. The rule states in relevant part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Davis' § 2255 motion is untimely on its face and therefore does not withstand Rule 4(b) review. Section 2255(f) provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

21 U.S.C. § 2255(f). Davis did not file a direct appeal after he was sentenced, so the conviction became

final when the deadline for filing a notice of appeal expired. Clarke v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013). Davis had fourteen days from the entry of the October 13, 2010 judgment to file a notice of appeal. Fed. R. App. P. 4(b). Therefore, Davis' conviction became final on October 27, 2010, when his time to file a notice of appeal expired. Under § 2255(f), Davis had one year from the date upon which his conviction became final to file his § 2255 motion, which means his petition was due on or before October 27, 2011. Davis filed his motion more than a three and a half years later on May 31, 2014.

Davis argues that his motion is timely under §2255(f)(3) because it was filed within one year of the Supreme Court's decision in Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013). This argument is without merit because Alleyne has not been made retroactively applicable to cases on collateral review. The Seventh Circuit has explicitly recognized that the new rule announced in that case was not held by the Supreme Court to apply retroactively on collateral review and prognosticated that it is highly unlikely Alleyne will ever be held to apply retroactively on collateral attack in the future. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). The Court explained that Alleyne was not before the Supreme Court on collateral review nor did the Supreme Court declare that the new rule stated in Alleyne applied retroactively on collateral attack. Id. at 876. The Court recognized that because Alleyne was an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and because the Supreme Court has held that the rules based on Apprendi do not apply retroactively on collateral review, the implication is that the Supreme Court will not declare Alleyne to be retroactive. Id. Therefore, Alleyne cannot serve as a basis to apply § 2255(f)(3).[1]

For these reasons, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court finds that Davis' § 2255 motion is untimely and not subject to any exception to § 2255(f)'s statute of limitations. Accordingly, the motion is dismissed. Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A movant must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Consistent with the above analysis, the court finds that no reasonable jurists would differ on this court's disposition of Davis' § 2255 motion. Therefore, the court declines to issue a certificate of appealability.

Date: 6/16/2014                                    ENTER:

                                                   _____

                                                   FREDERICK J. KAPALA

                                                   District Judge

---

[1] In addition to being outside the statute of limitations, Davis' § 2255 motion is barred by his waiver of his right to file a § 2255 motion within the terms of his plea agreement with the government.